Gold Bar Refinery Corp. v So Accurate Group, Inc. (2018 NY Slip Op 04440)





Gold Bar Refinery Corp. v So Accurate Group, Inc.


2018 NY Slip Op 04440


Decided on June 14, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2018

Renwick, J.P., Gische, Andrias, Kapnick, Singh, JJ.


653275/14 -6890 6889 6888

[*1]Gold Bar Refinery Corp., et al., Plaintiffs-Respondents,
v
So Accurate Group, Inc., Defendant-Appellant.


Law Offices of Alan J. Wohlberg, Brooklyn (Samuel A. Gunsberg of counsel), for appellant.
Piddoubny & Pelekh, P.C., Astoria (Oksana Pelekh of counsel), for respondents.



Judgment, Supreme Court, New York County (Barry R. Ostrager, J.), entered July 17, 2017, after a nonjury trial, awarding plaintiffs the principal sum of $229,091.41, plus interest, costs and disbursements, unanimously modified, on the facts, to reduce the principal sum to $35,445.72, on condition that defendant returns the slag, platinum and jewelry at issue, the matter remanded for recalculation of interest, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered May 15, 2017, to the extent it dismissed defendant's counterclaims with prejudice, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The trial court's dismissal of defendant's counterclaims is not supported by a fair interpretation of the evidence (see Thoreson v Penthouse Intl. , 80 NY2d 490, 495 [1992]). Plaintiffs' witnesses testified consistent with the second amended complaint that they had reached an agreement with defendant as to a locked-in price of $1,565.00 per troy ounce of gold for 1370.48 troy ounces. Defendant's witnesses testified that the $1,565.00 price in the contract was a mistake and was corrected prior to plaintiffs' principal signing the agreement. Defendant states that the parties agreed to a price of $1,365.00 per troy ounce. Even if the court found defendants' witnesses not credible and its records not reliable, the court should not have disregarded plaintiffs' allegations in the second amended complaint and testimony at trial that the parties agreed to lock in at $1,565.00. In addition, the parties did not dispute that defendant paid plaintiffs an advance of $2,325,000 upon receipt of the gold lots in issue. Thus, plaintiffs were entitled to a credit of $2,144,801.20 (1370.48 x $1,565) against the advance.
Defendant is correct that the stipulated amount ($229,091.41) should be reduced by the value of the slag, platinum and diamonds that it agreed to return to plaintiffs, which the parties stipulated was $13,446.89 ($9,800, $1,996.89, and $1,650, respectively, for the slag, platinum [*2]and diamonds). Thus, plaintiffs are entitled to a further credit of $215,644.52, conditioned upon defendant's return of the slag, platinum and jewelry at issue. The result is that defendant owes plaintiffs $35,445.72.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 14, 2018
CLERK